IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELIGAH BROKENSPIRIT CHRISTIAN,<br><br>                Petitioner,<br><br>   vs.<br><br>ARNALDO HERNANDEZ,<br>Superintendent, Spring Creek<br>Correctional Center,[1]<br><br>                Respondent. | No. 3:20-cv-00295-JKS<br><br>ORDER<br>[Re: Motions at Docket Nos. 3, 4, 7 and<br>Directing Service and Response] |

On November 11, 2020, Eligah Brokenspirit Christian, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Docket No. 1 ("Petition"). Christian challenges the judgment of conviction following a guilty plea entered by the Superior Court for the State of Alaska, Case Number 3AN-15-03511CR. *Id.* at 1. Christian contends that his conviction should be overturned because it violates the constitutional prohibition against Double Jeopardy, his plea counsel rendered ineffective service, and his guilty plea was not knowingly, intelligently, and voluntarily made. *Id.* at 5, 7, 8. Christian asserts that the grounds

---

[1] Arnaldo Hernandez, Superintendent, Spring Creek Correctional Center, is substituted for Clyde Sniffen, State of Alaska Attorney General. FED. R. CIV. P. 25(c); Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

-1-

for relief raised in his Petition have been brought in the Alaska state courts, including the Alaska Supreme Court, as required by § 2254(b). *Id.* at 5, 7, 9.

The records of the Alaska state courts[2] reflect that Christian pleaded guilty to one count of scheme to defraud in Alaska Superior Court Case No. 3AN-15-03511CR (the "Anchorage conviction") on July 24, 2015. *See* https://records.courts.alaska.gov (Case No. 3AN-15-03511CR). Roughly four months later, Christian also pleaded guilty to one count of scheme to defraud in Superior Court Case No. 3PA-15-01170CR (the "Palmer conviction"). *See* https://records.courts.alaska.gov (Case No. 3PA-15-01170CR). The records indicate that Christian did not appeal those convictions, but filed timely applications for post-conviction relief. *See* https://records.courts.alaska.gov (Case Nos. 3AN-15-09357CI, 3PA-16-01034CI). At issue in the instant Petition is the denial of his application for post-conviction relief with respect to the Anchorage conviction. The records of the state court show that the Alaska Court of Appeals affirmed the superior court's dismissal of Christian's application for post-conviction relief in an unpublished summary disposition entered on August 19, 2020. *See* https://appellate-records. courts.alaska.gov (Case No. A13184). The records further show that the Alaska Supreme Court denied Christian's petition for hearing on October 21, 2020. *See* https://appellate-records.courts. alaska.gov (Case No. S17894). The Petition in this Court followed.

## A. Screening of Petition

Pursuant to the Rules Governing Section 2254 Cases, the Court must review the Petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases,

---

[2] The Court takes judicial notice of state court records. Judicial notice is "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

-2-

Case 3:20-cv-00295-JKS   Document 11   Filed 11/30/20   Page 2 of 6

Rule 4; *see* 28 U.S.C. § 2243. After a preliminary review, it does not plainly appear from his Petition that Christian is not entitled to relief.

**B.     Appointment of Counsel**

Christian concurrently moves for the appointment of counsel to assist him in these proceedings. Docket No. 4. In support of his request, Christian states that he is mentally and physically disabled. *Id.* at 1; Docket No. 9. While this Court is not unmindful of the plight of unrepresented state prisoners in federal habeas proceedings, and in particular the difficulties Christian faces with respect to his documented disabilities, there is no constitutional right to counsel in federal habeas proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)). Appointment of counsel is not required in a habeas corpus proceeding in the absence of an order granting discovery or an evidentiary hearing. *See* Rules Governing Section 2254 Cases in the U.S. District Courts, Rule 6(a), 8(c). This Court may under the Criminal Justice Act appoint counsel in this case if it determines that the interests of justice so require. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.").

At this time, Christian's request for counsel is premature. The Court cannot determine whether appointment of counsel is warranted in this case until it is able to thoroughly review the briefing in its entirety. The Court will therefore DENY, WITHOUT PREJUDICE TO RENEW, Christian's motion for appointment of counsel. Because it is denied without prejudice, Christian may later file a new request. The Court notes, however, that it will not reconsider a motion to appoint counsel until it has thoroughly reviewed Respondent's answer to the Petition.

C.  **Leave to Proceed** *In Forma Pauperis*

Christian also requests leave to proceed *in forma pauperis* ("IFP") in these proceedings. Docket No. 3. A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions). "'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)).

In support of his application, Christian submits a declaration of his assets and a certified copy of his prison account statement for the last six months. Docket Nos. 3-4, 5. Based on this documentation, Christian is within the parameters necessary to grant an IFP application due to lack of assets. Accordingly, his motion to proceed without the payment of a filing fee is GRANTED.

D.  **Motion for Jurisdiction of Habeas Corpus 28 U.S.C. § 2254**

At Docket No. 7, Christian moves for "jurisdiction of habeas corpus 28 U.S.C. 2254." In support of his motion, Christian states that he believes this Court has jurisdiction over his case under 28 U.S.C. § 2254. Christian is correct that an individual, like himself, who is in custody pursuant to a judgment of a state court may file in federal district court an application for a writ of habeas corpus alleging that he or she is in custody in violation of the U.S. Constitution. *See* 28 U.S.C. § 2254(a). Accordingly, Christian is not required to obtain this Court's jurisdiction, and the Court recognizes its jurisdiction and will order the Respondent to answer his Petition. The Motion at Docket No. 7 shall therefore be DENIED AS MOOT.

**IT IS THEREFORE ORDERED:**

1. The motion at Docket No. 4 for appointment of counsel pursuant to 18 U.S.C. § 3006A is **DENIED WITHOUT PREJUDICE.**

2. The motion at Docket No. 3 for leave to proceed *in forma pauperis* is **GRANTED.**

3. The motion at Docket No. 7 for jurisdiction is **DENIED AS MOOT.**

4. The Clerk of the Court is directed to serve this order and the Petition at Docket Nos. 1 through 1-6 on:

   > Tamara DeLucia
   > Office of Criminal Appeals
   > 1031 W. 4th Ave, Suite 200
   > Anchorage, Alaska 99501

5. By agreement between the Court and the Office of Criminal Appeals, the Office of Criminal Appeals will accept service on behalf of the Respondent.[3] **Once an attorney is assigned to this case by the Office of Criminal Appeals, that attorney shall immediately—and in no more than fourteen (14) days from the date of this order—file a notice of appearance.**

6. Respondent shall file and serve either an answer or a motion in response to the Petition within sixty (60) days from the date of this Order. *See* Rule 4, Rules Governing § 2254 Cases. The Court also notes its preference that procedural issues be addressed concurrently with the merits of the habeas petition. Any response shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rules 4 and 5, Rules Governing § 2254 Cases. This should include a copy of:

   (1) any brief that the Petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in

---

[3] In this regard, Respondent has waived Federal Habeas Corpus Rule 4 regarding service.

a post-conviction proceeding;

(2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and

(3) the opinions and dispositive orders of the state appellate courts relative to the conviction or sentence.

7. Christian's reply, if any, shall be filed and served within thirty (30) days of service of an answer.

Dated at Anchorage, Alaska this 30th day of November, 2020.

                                                             s/James K. Singleton, Jr.
                                                             JAMES K. SINGLETON, JR.
                                                             Senior United States District Judge