IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELIGAH BROKENSPIRIT CHRISTIAN,<br><br>        Petitioner,<br><br>vs.<br><br>ARNALDO HERNANDEZ,<br>Superintendent, Spring Creek<br>Correctional Center,<br><br>        Respondent. | No. 3:20-cv-00295-JKS<br><br>ORDER OF DISMISSAL<br>[Re: Motion at Docket No. 13] |

On November 11, 2020, Eligah Brokenspirit Christian, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Docket No. 1 ("Petition"). At Docket No. 13, Christian filed a Motion to Dismiss Writ of Habeas Corpus 2254, which indicates that he no longer wishes to maintain this habeas action. The Court therefore construes the Motion at Docket No. 13 as a Notice of Voluntary Dismissal.

In his Motion, Christian states that he wishes to dismiss his action because the Court denied his earlier request for the appointment of counsel. As explained in the Order denying his request for counsel, while this Court is not unmindful of the plight of unrepresented state prisoners in federal habeas proceedings, and in particular the difficulties Christian faces with respect to his documented disabilities, there is no constitutional right to counsel in federal habeas proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v.*

-1-

*Thompson*, 501 U.S. 722, 756-57 (1991)). Appointment of counsel is not required in a habeas corpus proceeding in the absence of an order granting discovery or an evidentiary hearing. *See* Rules Governing Section 2254 Cases in the U.S. District Courts, Rule 6(a), 8(c).

As Christian acknowledges in his Motion, he was represented by counsel on direct appeal and on post-conviction relief review in the state courts. If Christian later chooses to timely file a new habeas petition in this Court,[1] the Court would have access to the entirety of the records in those proceedings, including the arguments and briefing submitted by Christian's counsel, which it would utilize in considering Christian's claims.

**IT IS THEREFORE ORDERED:**

1. The Motion to Dismiss at Docket No. 13, construed as a Notice of Voluntary Dismissal, is **GRANTED**, and the Petition is **DISMISSED WITHOUT PREJUDICE.**

2. All pending motions are **DENIED AS MOOT**.

3. The Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must also be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

---

[1] A habeas petitioner typically may only file one federal habeas petition challenging a state court conviction. But because the Court is dismissing the instant Petition without prejudice as a result of the construed Notice of Appeal, Christian may file another federal habeas petition in the event he wishes to challenge the underlying conviction as described above. If he chooses to file another federal habeas petition, Christian should be mindful of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1).

4. The Clerk of Court is respectfully directed to enter final judgment in this case.

Dated at Anchorage, Alaska this 13th day of January, 2021.

                                                s/James K. Singleton, Jr.
                                              JAMES K. SINGLETON, JR.
                                              Senior United States District Judge